IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MCKESSON CORPORATION, a Delaware Corporation<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT MOSER, INC., d/b/a MOSER'S U-SAVE PHARMACY<br><br>　　　　　　Defendant. | **8:22-CV-322**<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Plaintiff McKesson Corporation (McKesson) filed a Motion for Default Judgment against Defendant Robert Moser, Inc., (Moser). Filing 13 at 1–2. The Clerk of Court previously entered Moser's default in this case pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Filing 12. McKesson seeks "$303,766.94" and "continuing interest from October 31, 2022 until paid at an interest rate of 10% per annum." Filing 13-1 at 2. Moser has not submitted anything in response to McKesson's Motion. For the following reasons, the Court grants McKesson's Motion in part and denies it in part. The Court awards McKesson $303,766.94 in damages, pre-judgment interest at the rate of 10% per annum from October 31, 2022 to the date of judgment, and post-judgment interest as calculated pursuant to 28 U.S.C. § 1961 from the date judgment is entered.

## I.　　BACKGROUND

McKesson filed suit against Moser on September 13, 2022, alleging five claims for relief. *See generally* Filing 1. McKesson's Complaint captioned these counts as follows: (1) breach of written contract, (2) goods sold and delivered, (3) reclamation, (4) money due, and (5) account

1

stated. Filing 1 at 2–6.[1] Relevant to each of these five counts, McKesson's Complaint alleges that on or about November 5, 2013, Moser "applied, in writing, for credit with McKesson for the purchase of pharmaceutical products from McKesson[.]" Filing 1 at 2. Pursuant to the terms of a written "Customer Application" agreement between McKesson and Moser, Moser "agreed to pay for all purchases, fees and other charges incurred by [Moser] or an authorized user on account of [Moser], including service charges on past due amounts at the highest rate permitted by law." Filing 1 at 2. McKesson alleges that based on this agreement, it extended credit to Moser. Filing 1 at 2. Thereafter, "[b]etween 2013 and June 2022, McKesson and [Moser] entered into a series of agreements evidenced by written invoices . . . whereby McKesson agreed to sell and [Moser] agreed to purchase pharmaceutical products[.]" Filing 1 at 2.

McKesson alleges that during this timeframe it shipped these products to Moser and Moser received and accepted these products "in good condition." Filing 1 at 2. However, McKesson claims that Moser "failed to make the Invoice payments when due and is in breach of the terms of the Invoice Agreements." Filing 1 at 2. McKesson's Complaint goes on to claim that Moser "became indebted to [McKesson] in the sum of at least $302,309.71 as of June 29, 2022, for goods sold and delivered to [Moser] for the benefit of [Moser] by [McKesson] at [Moser's] request." Filing 1 at 5. The Complaint further alleges,

> No part of said sum has been paid, although payment has been demanded, and there is now due, owing, and unpaid to [McKesson] from [Moser] the sum of $302,309.71 as of June 29, 2022, plus interest at the legal rate according to proof at time of trial or entry of judgment.

---

[1] Counts one, two, four, and five are duplicative and allege entitlement to the same sum in actual damages. Filing 1 at 3 (¶13); Filing 1 at 4 (¶19); Filing 1 at 5 (¶30); Filing 1 at 6 (¶33). Counts one, two, four, and five are all premised upon the allegation that Moser breached its agreement to pay McKesson for goods that McKesson delivered to Moser. Count three, however, asserts a distinct reclamation claim. *See* Filing 1 at 4. In count three, McKesson seeks "the immediate return of all Goods received by [Moser] from [McKesson] during the Reclamation Period" (*i.e.*, the 45 days immediately prior to July 21, 2022, during which time McKesson claims Moser was insolvent). *See* Filing 1 at 4, 6. The present Motion for Default Judgment seeks only money damages. Filing 13.

Filing 1 at 5.

McKesson's Complaint was served on Moser by the Otoe County Sheriff's Office on September 20, 2022. Filing 8. However, Moser did not submit a responsive pleading or otherwise defend itself in this action. Filing 12. The Clerk of Court subsequently entered Moser's default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure on November 9, 2022. Filing 12. The present Motion followed, and—as before—Moser has not filed anything in response.[2]

## II.   LEGAL ANALYSIS

### A.  Default Judgment Standards

Under Rule 55(b) of the Federal Rules of Civil Procedure, a default judgment may be entered either "By the Clerk" or "By the Court." *See* Fed. R. Civ. P. 55(b)(1)-(2). Rule 55(b)(1) sets forth the requirements necessary for the Clerk to enter a default judgment. Fed. R. Civ. P. 55(b)(1). Rule 55(b)(2) sets forth the requirements necessary for the Court to enter a default judgment. Fed. R. Civ. P. 55(b)(2). This Court's local rules similarly distinguish between Clerk-entered default judgments and Court-entered default judgments. *See* NECivR 55.1(b)-(c). McKesson's Motion is made pursuant to Fed. R. Civ. P. 55(b)(2) and NECivR 55.1(c) because it now seeks a default judgment from the Court rather than the Clerk. *See generally* Filing 13.

### 1.  *Local Procedural Requirements on a Motion for Default Judgment*

Pursuant to this Court's local rules, "[i]f a party requests a judgment from the court under Federal Rule of Civil Procedure 55(b)(2), the party must, after obtaining a clerk's entry of default under Federal Rule of Civil Procedure 55(a) and Nebraska Civil Rule 55.1(a)" do the following:

---

[2] McKesson filed an earlier Motion for Default Judgment on November 1, 2022. Filing 9. However, the Court denied that motion without prejudice to reassertion on November 2, 2022, because the Clerk of Court had not yet entered Moser's default at that time. *See* Filing 10 (Order Denying Motion for Default Judgment Without Prejudice).

(1) file a motion for default judgment;

(2) file an affidavit stating that the party against whom the default judgment is requested is (a) not an infant or incompetent person as stated in Federal Rule of Civil Procedure Rule 55(b)(2) or (b) meets the exceptions stated in Federal Rule 55(b)(2);

(3) e-mail to the judge's chambers a proposed judgment; and

(4) in cases in which damages must be proved, request an evidentiary hearing before the trial judge.

NECivR 55.1(c).

### 2. *Substantive Requirements on a Motion for Default Judgment*

"[I]t is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010) (internal quotations omitted). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "[D]efault judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)). A party seeking default judgment must "prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001).

## B. Discussion

### 1. *McKesson has Substantially Complied with the Rules for Seeking a Default Judgment*

McKesson has substantially complied with the procedural rules for seeking a default judgment under this Court's local rules and Rule 55(b)(2) of the Federal Rules for Civil Procedure.[3] After the Clerk entered default against Moser, McKesson filed an appropriate motion. NECivR 55.1(a)(1). Along with its Motion, McKesson included "an affidavit stating that the party against whom the default is requested is not an infant or incompetent person[.]" NECivR 55.1(a)(2). McKesson has not requested an evidentiary hearing to prove its damages in accordance with NECivR 55.1(a)(4). However, for the reasons explained below, an evidentiary hearing is not required in this case because McKesson's damages are capable of being computed based on facts in the record. *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988); *see also Stephenson*, 524 F.3d at 916 ("The need for a hearing is within the sound discretion of the district court . . .").

### 2. *McKesson has Alleged a Legitimate Cause of Action for Breach of Contract*

McKesson has also shown that the unchallenged facts give rise to a legitimate breach of contract claim against Moser. *Marshall*, 616 F.3d at 852-53. To succeed on a breach of contract claim under Nebraska law, "the plaintiff must plead and prove the existence of a promise, its

---

[3] The Court notes that it has no record of receiving an e-mail addressed to the undersigned judge's chambers with a proposed judgment from McKesson. Although NECivR 55.1(a)(3) directs the party moving for default judgment to "e-mail to the judge's chambers a proposed judgment[,]" the Court does not find that the failure to send such an e-mail serves as an impediment to success on this Motion under these circumstances. *See Buffets, Inc. v. Leischow*, 732 F.3d 889, 895 (8th Cir. 2013) ("[A] district court has considerable discretion in applying its local rules"); *Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to set filing deadlines and enforce local rules"). It is clear from McKesson's filings that it seeks a judgment awarding it damages in the amount "of $303,766.94" plus "continuing interest from October 31, 2022 until paid at an interest rate of 10% per annum." Filing 13-1 at 2; *see also* Filing 13 at 2. This is the same amount that McKesson previously sought when it filed its original Motion for Default Judgment on November 1, 2022. *See* Filing 9-3.

breach, damage, and compliance with any conditions precedent that activate the defendant's duty."

*Phipps v. Skyview Farms, Inc.*, 610 N.W.2d 723, 730 (Neb. 2000).[4]

 Since default has been entered, the Court accepts the factual allegations in McKesson's Complaint as true (except for those allegations relating to the amount of damages). *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). As such, the Court accepts McKesson's claim that it entered into a valid written contract with Moser providing that Moser would pay McKesson in exchange for the delivery of certain goods. Filing 1 at 3 (¶12). The Court likewise accepts McKesson's assertion that Moser "failed to make Invoice payments when due and is in breach of the terms of the Invoice Agreements." Filing 1 at 3 (¶13). The Court further accepts McKesson's claim that it "performed all of the promises, conditions, and covenants it agreed to perform pursuant to the terms of the Invoice Agreements, except for those promises, conditions and covenants excused by the acts and omissions of" Moser. Filing 1 at 3. Finally, although the Court does not necessarily accept the amount of damages that McKesson has claimed, *Mur*ray, 595 F.3d at 871, it does accept McKesson's allegation that it has suffered damages as a result of Moser's breach of contract. Therefore, McKesson's Motion for Default Judgment is premised upon a legitimate underlying cause of acti*on. Marshall*, 616 F.3d at 852-53.

---

[4] The Court notes that the promissory note in this case states that it "shall be governed and construed in accordance with the laws of the State of California[.]" Filing 13-1 at 4. Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff.*" Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). Because both Nebraska and California adhere to the same basic elements that are necessary to prove a breach of contract claim, there is no need to conduct a choice of laws analysis. McKesson has raised a legitimate breach of contract claim under the law of either state.

3. *McKesson Has Substantiated its Claim for Damages, but the Court Will Award Post-Judgment Interest in Accordance with 28 U.S.C. § 1961*

Finally, McKesson substantiated its damages claim by including a sworn declaration from Pamela Craik along with its Motion for Default Judgment. *See* Filing 13-1. In her declaration, Craik avers that she is a "Regional Credit Director" for McKesson and notes that on February 25, 2022, Moser "executed a Negotiable Promissory Note . . . payable to the order of McKesson, in the original principal amount of $341,982.54." Filing 13-1 at 1.[5] Craik further explains that "[p]ursuant to the Note, McKesson provided pharmaceutical products and inventory to [Moser] with the expectation that [Moser] would make payments in accordance with the Note." Filing 13-1 at 1–2. She concludes her declaration by stating that Moser "has failed to pay the outstanding balance due under the Note" and that "[a]fter applying all payments and credits, the amount due and owing under the Note is principal of $303,766.94, accrued interest through October 31, 2022 of $0, and continuing interest from October 31, 2022 until paid at an interest rate of 10% per annum." Filing 13-1 at 2. Based on the foregoing matters contained within the record, the Court concludes that McKesson has proven its monetary damages with reasonable certainty—at least with respect to the principal balance in the amount of $303,766.94. *Everyday Learning Corp.*, 242 F.3d at 819.

McKesson's claim for "continuing interest from October 31, 2022 until paid at an interest rate of 10% per annum," however, cannot be awarded post-judgment because it is not in accordance with 28 U.S.C. § 1961. Interest is allowed on any money judgment in a civil case in

---

[5] Craik's declaration includes a copy of the promissory note as an attachment. Filing 13-1 at 4. The promissory note was executed on February 18, 2022, and provided that in exchange for "value received," Moser agreed to pay McKesson the principal sum of $342,982.54 "together with interest on the unpaid sum from the date hereof until paid in full at a rate of 10% per annum[.]" Filing 13-1 at 4. The promissory note further provided that the outstanding principal balance was to be paid "in 24 consecutive installments made on Friday of each week, commencing February 25, 2022." Filing 13-1 at 4.

district court, but it is "calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Government of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C. § 1961. Therefore, the Court will deny McKesson's Motion to the extent it seeks post-judgment interest in the amount of 10% per annum commencing on October 31, 2022. *See* Filing 13 at 2; Filing 13-1 at 2. Instead, the Court grants McKesson post-judgment interest as calculated pursuant to 28 U.S.C. § 1961 from the date judgment is entered.

### III.    CONCLUSION

For the foregoing reasons, the Court grants McKesson's Motion for Default Judgment, Filing 13, in part and denies it in part. Accordingly,

IT IS ORDERED: McKesson is awarded $303,766.94 in damages, pre-judgment interest at the rate of 10% per annum from October 31, 2022 to the date of judgment, and post-judgment interest as calculated pursuant to 28 U.S.C. § 1961 from the date judgment is entered.

Dated this 10th day of January, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge